IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GARY ALAN SHOUPE,

      Plaintiff

vs.                      No.

UNITED STATES OF AMERICA,

      Defendant.

## COMPLAINT FOR MEDICAL NEGLIGENCE

COMES NOW the Plaintiff, Gary Alan Shoupe (Shoupe) by and through his attorneys of record, Duhigg, Cronin, Spring & Berlin, P.A., (David M. Berlin) and Jacobs & Jacobs (Jon H. Jacobs) and hereby complains of the Defendant, United States of America, as follows:

## INTRODUCTION

1.      This Court has jurisdiction in this action, pursuant to 28 U.S. Code § 2671 et seq., in that this is a tort action against the United States of America.

2.      At all times hereinafter mentioned, Plaintiff Gary Alan Shoupe (Shoupe) is a citizen of the United States of America and a recipient of medical and health care from the Department of Veterans Affairs.

3.      At all times hereinafter mentioned, the Department of Veterans Affairs is an agency of the Defendant United States of America and operates a Veterans Administration Hospital in Albuquerque, New Mexico.

4.      At all times hereinafter mentioned, the Department of Veterans Affairs employed various medical staff, physicians, physician's assistants, nurse practitioners, nurses and technicians who would treat patients of the Veterans Administration Hospital in Albuquerque, New Mexico. One such patient was Plaintiff Shoupe. This matter arises out of an incident that occurred on December 22, 2018 at the Veterans Administration Hospital in Albuquerque, New Mexico.

1

5.      Plaintiff has complied with all prerequisites to filing this lawsuit. Moreover, this civil action is timely filed.

6.      This Court has jurisdiction over the parties and subject matter to this litigation.

## FIRST CAUSE OF ACTION
### (Medical Negligence of Hospital Staff)

7.      Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-6, above, as if provided herein, in full.

8.      On December 22, 2018, Plaintiff Shoupe was in the Emergency Department of the Veterans Administration Hospital located in Albuquerque, New Mexico, for the purpose of obtaining a platelet transfusion due to having a condition known as aplastic anemia.

9.      In treating Plaintiff Shoupe, the medical staff in the Emergency Department at the Veterans Administration in Albuquerque, New Mexico was under a duty to possess and apply the knowledge and to use the skill and care ordinarily used by reasonably well-qualified physicians, nurses, technicians and other medical staff practicing under similar circumstances, giving due consideration to the locality involved. Doctors, nurses and other medical staff employed by the Veterans Administration who fail to do so are negligent.

10.     Emergency Department staff, including physicians, nurses, technicians and other employees of the hospital, possessing and applying the knowledge and using the skill ordinarily used by well-qualified Emergency Department staff and physicians practicing under similar circumstances would not permit a patient who has just received a platelet infusion, to leave the Emergency Department for at least one hour following the completion of that process. The failure to do so would constitute a breach of the applicable standard of care and medical negligence.

11.     On December 22, 2018, the medical staff in the Emergency Department of the Veterans Administration Hospital in Albuquerque, New Mexico, discharged Plaintiff Shoupe immediately after the completion of his infusion.

12.     Discharging Plaintiff Shoupe immediately following the completion of the infusion on December 22, 2018, constituted a breach of the applicable standard of care on the part of the Emergency Department staff at the Veterans Administration Hospital in Albuquerque, New Mexico, and therefore, constituted medical negligence.

13.     After his premature discharge by Defendant's medical staff, Plaintiff Shoupe attempted to use the restroom in the Emergency Department while unassisted.  He became dizzy and lightheaded, causing him to fall and suffer multiple fractures to his cervical vertebrae, necessitating surgery and extended rehabilitation.

14.     As a further result of the aforementioned negligence, Plaintiff suffered serious personal injuries, pain, suffering, disability and was forced to incur medical expenses. In addition, Plaintiff suffers from permanent bowel and bladder incontinence and constant pain.

15.     Defendant United States of America, is liable for the negligence of The Veterans Administration Hospital Emergency Room staff and, therefore, is liable for all damages suffered by Plaintiff identified above.

WHEREFORE, Plaintiff Shoupe demands judgment against the Defendant United States of America for compensatory damages, costs of suit, interest as appropriate and such other relief as the Court deems appropriate.

## SECOND CAUSE OF ACTION
### (Hospital Negligence)

16.     Plaintiff repeats and realleges each and every allegation set forth above, as if provided herein in full.

17.     In treating a patient such as Plaintiff Shoupe, The Veterans Administration Hospital in Albuquerque, New Mexico, was under a duty to use ordinary care to avoid or prevent what a reasonably prudent person would foresee as an unreasonable risk of injury to another.

18.     Ordinary care required reasonably competent and trained medical staff at the hospital not to discharge Plaintiff Shoupe immediately after the completion of his infusion and treatment.

3

19.     The Veterans Administration Hospital in Albuquerque, New Mexico, was, while Plaintiff Shoupe was in their care on December 22, 2018, also under a duty to possess and apply the knowledge and to use the skill and care ordinarily used in a reasonably well operated hospital under similar circumstances, giving due consideration to the locality involved.

20.     The Veterans Administration Hospital and medical staff at that facility failed to take reasonable and necessary steps to protect the wellbeing of Shoupe on December 22, 2018.

21.     Upon information and belief, the Defendant United States of America, through its agency, The Veterans Administration, failed to enact proper policies and procedures requiring that Emergency Department staff wait at least an hour after a platelet infusion before discharging a patient, or if such policies and guidelines were in place, failed to properly train staff or enforce such policies. This constituted hospital negligence on the hospital's administration and supervisory personnel.

22.     As a result of the aforementioned hospital negligence on the part of the Veterans Administration Hospital, Plaintiff Shoupe suffered serious personal injury, pain, suffering, severe disability, including bowel and bladder incontinence and incurred extensive medical expenses all to his detriment. It is anticipated that all such damages shall continue in the future.

23.     Defendant United States of America is liable for the negligence of the Veterans Administration Hospital in Albuquerque, New Mexico and, therefore, is liable for all such damages suffered by Plaintiff.

WHEREFORE, Plaintiff Shoupe demands judgment against the Defendant United States of America for compensatory damages, costs of suit, interest as appropriate and such other relief as the Court deems appropriate.

Electronically filed

By: /s/ David M. Berlin
    David M. Berlin
    Duhigg, Cronin, Spring & Berlin
    Attorneys for Plaintiff
    P. O. Box 527
    Albuquerque, NM  87103-0527
    Telephone: (505) 243-3751
    Facsimile: (505) 246-9797
    dmberl@duhigglaw.com

By: /s/ Jon H. Jacobs
    Jacobs & Jacobs
    4004 Carlisle Blvd NE Suite D
    Albuquerque, NM 87107
    Telephone: (505) 881-4388
    Facsimile: (505) 884-7306
    jon@jacobslawnm.com